**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**UNITED STATES OF AMERICA,**

       **v.**                             **Cr. Action No. 04-343 (CKK/JMF)**

**ANTHONY ANDERSON,**

     **Defendant.**

---

**MEMORANDUM OPINION**

On July 27, 2004, Anderson was convicted of a violation of 18 U.S.C. § 922(g)(1)[1] on

July 27, 2004. See Transcript [#50] at 4.

Anderson appealed his conviction to the United States Court of Appeals for the D.C.

Circuit. United States v. Anderson, 632 F.3d 1264, 1266 (D.C. Cir. 2011). The Circuit Court

vacated the sentence, and remanded the case to the District Court for an evidentiary hearing on

his claim of ineffective assistance of counsel. Id. at 1272.

On remand, however, Anderson entered into a plea bargain, under which he agreed to

plead guilty to D.C. Code § 4504(a) only. On July 18, 2011, this Court sentenced the defendant

to 96 months of imprisonment to be followed by 36 months of supervised release. After

Anderson's prison sentence had concluded and he was placed on supervised release, the U.S.

Probation Office issued a probation petition alleging several instances of violations of the

conditions of his release. See Probation Petition [#73] at 1-3. I issued an Order for

Supplemental Submissions [#80] from the parties, requesting both parties' guidance on the range

---

[1] All citations to the U.S. Code or the D.C. Code are to the electronic versions found on Westlaw or LexisNexis.

of options with regards to potential revocation and sentencing. Id. at 1-4. The government's response to this order asserted that D.C. law must govern in this case, raising the question of whether this Court or the United States Parole Commission has jurisdiction. See Memorandum of Law Regarding Revocation of Supervised Release [#84] at 2-3.

Since Anderson was convicted in this Court of an offense under the D.C. Code, this Court would ordinarily follow the law of the District of Columbia in imposing his sentence on the supervised release violation. However, following D.C. law in this regard presents a peculiar problem, because the D.C. Code provides that "[o]ffenders on supervised release [for D.C. Code offenses] shall be subject to the authority of the United States Parole Commission until completion of the term of supervised release." D.C. Code § 23-403.01(b)(6) (2008). The same statute then provides that: "The Parole Commission shall have and exercise the same authority as is vested in the United States District Court by 18 U.S.C. § 3583(d)-(i)." Id.

If this section is applied literally and without regard to any other consideration, the offender is subject to the Parole Commission's exclusive authority, like when an offender is convicted of a D.C. Code offense in Superior Court. It would follow that the D.C. City Council purported to displace this Court's jurisdiction over those offenders who have been convicted of D.C. Code offenses.

That displacement is difficult to reconcile with the absence of any power in the D.C. City Council to affect or displace the assertion of jurisdiction by this Court over a defendant who has been convicted in this Court, albeit of a D.C. Code offense. There is nothing in the statutes conferring home rule upon the District of Columbia that could possibly be interpreted to confer statutory authority on the Council over the exercise of jurisdiction by this Court. See D.C. Code

§1-201.02 (2006); see also D.C. Code § 1-204.31(a) (2001) (creating the Superior Court and the D.C. Court of Appeals and vesting the judicial power of the District in them).

Additionally, D.C. Code § 24-403.01 (2006), the statute that conferred the fundamental sentencing authority upon the Superior Court, begins by specifying the considerations that should guide the Court's imposition of a sentence. D.C. Code § 24-403.01(a) (2008). Thus, it provides: "[f]or any felony committed on or after August 5, 2000, the court shall impose a sentence that [meets the specified criteria.]" Id. The word "court" is an indubitable reference to the Superior Court and there is nothing in the statute, or in the traditional division of judicial responsibility between this Court and the Superior Court, with each being an entire judicial system, to suggest that the word "court" in this sentence means this Court as well as the Superior Court. It would be strange to read this statute to bespeak an intention of the D.C. City Council to reach out and deal with those rare occasions when a defendant is convicted in this Court solely of a D.C. Code offense.

I therefore conclude that this Court has jurisdiction to adjudicate the charged violations of the defendant's supervised release, and I shall proceed to do so.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE